IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SENECA LOYAL NEAL,<br><br>    Defendant. | Case No. 4:14-cr-00027-01-RRB<br><br>**ORDER APPOINTING COUNSEL REGARDING MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

  Defendant, Seneca Loyal Neal, proceeding *pro se*, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence of 264 months in prison for conspiracy, possession, and distribution of heroin.[1] The Government has filed a response in opposition, and Defendant has replied.[2] Pursuant to the Court's request, the Government also has provided the Court with a copy of the audio recordings from Defendant's initial contact with officers.[3] Citing new arguments in Defendant's reply brief, the Government also has filed a sur-reply, to which Defendant objects.[4]

  A review of the record indicates that Mr. Neal likely would have been offered the option of assistance of counsel when his § 2255 Petition was initially filed had he so

---

[1] Docket 270.
[2] Dockets 282, 285.
[3] Docket 288.
[4] Dockets 287, 289.

requested. The Court now has reviewed the matter in detail and resolved below most of the issues raised by Defendant as a matter of law. One issue remains, however, regarding Defendant's claim of ineffective assistance of trial counsel, for which appointed counsel may benefit both Defendant and the Court. Accordingly, before this Court will rule on the matter, it will be referred to the Federal Defender for review. In the interest of efficiency, the parties are put on notice as follows.

The record reflects that Defendant appealed his conviction to the United States Court of Appeals for the Ninth Circuit, raising many of the same issues he raises in his § 2255 petition.[5] "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case,"[6] and "[a] collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."[7] Defendant cannot, therefore, prevail on these issues now. However, a claim of ineffective assistance of counsel is best addressed via § 2255.[8]

Defendant believes that had his attorney requested an evidentiary hearing regarding Officer Nelson's body recording, Officer Calt's testimony would have been contradicted by the audio recordings, and evidence would have been suppressed. Specifically, Defendant argues that the recording "contradicts the testimony Officer Calt provided in which he stated the residence was unlocked and the door was ajar, where he

---

[5] Docket 270.
[6] *Richardson v. United States,* 841 F.2d 993, 996 (9th Cir. 1988).
[7] *United States v. Jingles,* 702 F.3d 494, 499–500 (9th Cir. 2012) (internal citations omitted).
[8] *See Massaro v. United States*, 538 U.S. 500, 504 (2003). In his *pro se* Reply, Defendant clarifies that his primary complaint is for ineffective assistance of counsel. Docket 285.

*United States v. Neal*     Case No. 4:14-cr-00027-1-RRB
Order Appointing Counsel Regarding Motion to Vacate Under 28 U.S.C. § 2255     Page 2
Case 4:14-cr-00027-RRB    Document 290    Filed 09/16/20    Page 2 of 4

interrogated the Defendant prior to reading him his *Miranda* rights, and detained rather than arrested the Defendant. Each of these points of testimony are directly proven false by the existence of the audio recording."[9] Defendant also alleges that "had the trial counsel returned to the evidentiary hearing to contest Officer Calt's depiction of the day of the arrest, the trial outcome would have been significantly different."[10] He maintains that the recordings prove that the search and seizure of his person and property was unlawful.[11]

The Court has reviewed the recordings and has requested Court staff to transcribe the available recordings for the record. The Court finds that assistance of counsel may be warranted at this juncture to fairly represent Defendant's claim for ineffective assistance of counsel at the trial level. Accordingly, it is hereby ordered as follows:

1. The Federal Defender shall designate counsel from the CJA Panel or the FPD to represent Mr. Neal on this motion. Once designated, appointed counsel will immediately file a notice of appearance;

2. Counsel shall review the record, confer with Mr. Neal, and file either: (a) an amended Section 2255 motion or otherwise supplement the record, or (b) a notice stating that no amended motion will be filed, on or before November 30, 2020.

---

[9] Docket 285 at 7.
[10] *Id.* at 7–8.
[11] *Id.*

*United States v. Neal*  Case No. 4:14-cr-00027-1-RRB
Order Appointing Counsel Regarding Motion to Vacate Under 28 U.S.C. § 2255   Page 3
Case 4:14-cr-00027-RRB   Document 290   Filed 09/16/20   Page 3 of 4

3. The United States Attorney shall file a response within **30 days** from the date of service of the motion or notice indicated in paragraph 2.

4. Counsel for Defendant may file a reply to the response within **21 days** of service of the Government's response.

IT IS SO ORDERED this 16th day of September, 2020, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Neal* Case No. 4:14-cr-00027-1-RRB
Order Appointing Counsel Regarding Motion to Vacate Under 28 U.S.C. § 2255 Page 4
Case 4:14-cr-00027-RRB Document 290 Filed 09/16/20 Page 4 of 4