IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SENECA LOYAL NEAL,

Defendant.

Case No. 4:14-cr-00027-RRB

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

Before the Court at Docket 335 is Defendant, Seneca Loyal Neal, with a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018. The motion is opposed by the Government at Docket 339. At Docket 336, Probation filed a Compassionate Release Memo in which it recommended that the aforesaid motion be denied.

The Court has reviewed the file in detail, including the Presentence Report at Docket 209 and the sentencing memoranda filed by the parties in December 2016. It is apparent that, despite positive efforts toward rehabilitation while in custody, Defendant has a troubling criminal history, beginning at age 18. Of particular concern is the fact that Defendant committed the crime of conviction while still on supervised release from a previous drug trafficking crime. Incarceration, therefore, did not deter Defendant from his

criminal activity. In fact, given the amount and variety of drugs involved in Defendant's most recent conviction, and his significant efforts at concealment, it appears that his criminal activity grew worse with time. Given all this, the Court remains concerned for the safety of the community if Defendant were to be released at this time with much of his sentence still to be served.

Defendant argues, however, that his sentence should be reduced because the First Step Act of 2018 reduced the mandatory minimum from twenty to fifteen years. At a minimum, however, even if the Court were to consider this fact in evaluating Defendant's sentence, the Court would expect Defendant to serve at least 204 months (17 years), which is two years more than the mandatory minimum established by Congress in 2018. It was clearly the Court's intention to impose a sentence that exceeded the mandatory minimum sentence by two years. This is a matter, however, that would be best addressed in a separate motion to reduce sentence that is focused on this single issue.

Finally, regarding the instant motion, the Court cannot find that compelling or extraordinary reasons exist to justify reducing Defendant's sentence. He generally is healthy and is serving a legal sentence. The fact that he now is doing well in custody does not present a compelling reason for early release, for this is expected of all prisoners. Nor does the fact that Defendant's mother is ill and in need of assistance justify early release. Here, there are others who can provide this assistance who would not endanger the community or require that an otherwise just sentence be reduced.

*United States v. Neal*                                                                 Case No. 4:14-cr-00027-RRB
Order Denying Motion for Compassionate Release Without Prejudice                                Page 2

Case 4:14-cr-00027-RRB     Document 340     Filed 04/13/26     Page 2 of 3

The Court, however, would consider a separate motion for sentence reduction that is focused on the significance of the First Step Ace of 2018 and the impact the reduction of the mandatory minimum should have on Defendant's sentence.

Therefore, for the reasons set forth above, as well as for all the reasons set forth by the Government and by Probation, Defendant's Motion for Compassionate Release is hereby DENIED WITHOUT PREJUDICE.

DATED this 13th day of April, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Neal*  Case No. 4:14-cr-00027-RRB
Order Denying Motion for Compassionate Release Without Prejudice  Page 3
Case 4:14-cr-00027-RRB  Document 340  Filed 04/13/26  Page 3 of 3